UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIEN YOUNG and JACK LIU, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CASE NO. 3:07-CV-1818-M |
| v. | § | |
| | § | |
| SEA HORSE VENTURE IV, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the Declarations and Affidavits of Plaintiffs' counsel regarding attorneys' fees incurred in this case. On February 9, 2009, the Court entered judgment against the Defendant on Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), following a bench trial [Docket Entry #58]. Under the FLSA, Plaintiffs are entitled to payment by the Defendant of their reasonable attorneys' fees and taxable court costs, as provided by 29 U.S.C. § 216(b).[1] As a result, the Court hereby ORDERS Defendant to pay to Plaintiffs attorneys' fees in the amount of $44,965.25, for the reasons stated herein.

To calculate the appropriate attorneys' fee award in this case, the Court uses the lodestar method, which requires the Court to take the number of hours it determines were reasonably spent on the case, and multiply those hours by an appropriate hourly rate, based on rates in the

---

[1] In part, this provision provides: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

community for similar work, to obtain the "lodestar amount."[2] Even though there is a "strong presumption" of reasonableness as to the lodestar amount, the Court may then increase or decrease the total amount based on the "relative weights" of twelve factors set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*:

(1) The time and labor required to represent the client or clients;
(2) The novelty and difficulty of the issues in the case;
(3) The skill required to perform the legal services properly;
(4) The preclusion of other employment by the attorney;
(5) The *customary fee charged for those services in the relevant community*;
(6) Whether the fee is fixed or contingent;
(7) The time limitations imposed by the client or circumstances;
(8) The *amount involved and the results obtained*;
(9) The *experience, reputation, and ability of the attorney*;
(10) The undesirability of the case;
(11) The nature and length of the professional relationship with the client; and
(12) Awards in similar cases.[3]

While "the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel," the most critical factor in determining the lodestar amount is the degree of success obtained.[4] But significant to this case, a low damages award, while proper to consider, should not alone lead to a reduction of the lodestar amount.[5]

The attorneys' fee award may also be reduced if the party seeking attorneys' fees fails to

---

[2] *See Saizan v. Delta Concrete Prod. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) ("we use the lodestar method to calculate an appropriate attorney's fee award under the FLSA").
[3] *See id.* (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)) (emphasis added).
[4] *Id.* (citing *Singer v. City of Waco, Tex.,* 324 F.3d 813, 829 (5th Cir. 2003)).
[5] *Id.* (citing *Singer*, 324 F.3d at 830). The court in *Saizan* noted that while there is no "per se proportionality rule" as to damages and attorneys' fees, the Fifth Circuit previously "reversed an award of attorney's fees where the prayer sought twenty-six times the damages actually awarded, and the resultant fee award was over six and one-half times the amount of damages awarded." *Id.* at 802. *But see Lucio-Cantu v. Vela*, No. 06-20787, 2007 WL 1342513 at *1 (5th Cir. May 8, 2007) (unpublished opinion), where the Fifth Circuit affirmed the award of $51,750.00 in attorneys' fees when actual damages amounted to $4,696.79 and total damages equaled $9,393.58, because the district court properly calculated the lodestar amount and then reduced it by 10% due to the plaintiffs' limited recovery.

demonstrate the exercise of billing judgment, which requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant.[6] This reduction in the lodestar amount is made by a percentage "intended to substitute for the exercise of billing judgment."[7]

Turning to the lodestar amount in this case, the first step is determining the number of compensable hours from the attorneys' time records, "including only hours reasonably spent."[8] Plaintiffs submitted affidavits from Mr. Richard J. Burch and Mr. Robert R. Debes, Jr. in support of their request for attorneys' fees.  A total of 168.65 billable hours are claimed by Plaintiffs' counsel between October 2007 and January 2009.[9]  This equates to an average of 11 hours per month, which at the outset the Court finds to be reasonable.

However, Defendant disputes the necessity of two attorneys' attention to this matter, stating: "It was not reasonable and necessary in this case to send two seasoned FLSA lawyers to Dallas to try this case."  A key consideration in determining the reasonableness of hours expended is whether the party seeking attorneys' fees has demonstrated billing judgment—that is, whether the party provided documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant.[10]  In this case, only Mr. Debes billed for the trial of the case, as Mr. Burch did not bill for the day of trial despite his actual attendance.  Mr. Debes'

---

[6] *Id.* (citing *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002)).
[7] *Id.*
[8] *See Camargo v. Trammell Crow Interest Co.*, 318 F. Supp. 2d 448, 450 (E.D. Tex. 2004).
[9] Although Plaintiffs' Reply in Support of Attorney's Fees states that a total of 167.65 hours were billed, the affidavits and billing records actually reflect a total of 168.65 billable hours.  Mr. Burch billed a total of 65.90 hours—the billing records indicate a total of 63.7 hours, from which three hours for travel to Dallas on August 26, 2008 that Mr. Burch has deleted should be deducted, but to which 5.2 hours accrued since the trial and up through the submission of his affidavit should be added.  Mr. Debes billed a total of 102.75 hours.  Therefore, Plaintiffs are seeking compensation for a total of 168.65 hours.
[10] *Chaparral Texas, L.P., v. W. Dale Morris, Inc.*, No. H-06-2468, 2009 WL 455282 at *3 (S.D. Tex. Feb. 23, 2009) ("The fee applicant should make a showing to the court of the hours that have been written off.").

affidavit also states that he did not bill for any time spent conferencing with Mr. Burch, and did not bill for any time spent when both Mr. Burch and he worked on the same project. Additionally, Mr. Burch did not begin working on this case until August of 2008, and therefore only billed for approximately five months, as opposed to the full fifteen months that the case has continued.  As a result, the Court does not find the amount of hours billed to be unreasonable simply because two attorneys billed their time.

As stated above, the Court also finds that an average of 11 hours per month is a reasonable amount of time to be spent on a case of this nature.  And as Plaintiffs' counsel points out, the lack of production during discovery and lack of cooperation from Defendant with regards to settlement negotiations very likely increased the amount of time needed to prepare the case for trial.  Plaintiffs are correct that "Sea Horse 'cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the Plaintiff in response.'"[11]

The Court, however, agrees with Defendant that it is not reasonable in this case for Mr. Debes to bill his time in quarters of an hour, rather than tenths of an hour.  Matters such as "correspondence" could just as easily take six minutes to complete as they could take fifteen, and the difference between these two time periods over the life of a case could easily add up to considerable overbilling.  The Court finds that the lack of accuracy in this method of billing renders it unreasonable.  The Court has no way of deducing the aggregate of overbilled time attributable to this method of billing for this case.  As a result, the Court will reduce Mr. Debes total time spent on the case by 5%, or 5.14 hours.  This results in a total of 97.61 hours billed by

---

[11] *See Camargo*, 318 F. Supp. 2d at 450, where the case was "strenuously contested" and involved novel issues of law, both factors to be considered in evaluating the reasonableness of hours billed on a case.

Mr. Debes. The Court finds that all other hours accounted for are reasonable, and that the affidavits properly demonstrate the exercise of billing judgment by Plaintiffs' counsel.[12] Therefore, the total number of hours reasonably billed on this case is 163.51 hours.

The next step is determining the reasonable hourly rate for the attorneys and non-legal personnel who worked on the case.[13] Plaintiffs' counsel billed at a rate of $275.00 per hour. The affidavit of Mr. Burch states that this rate is below his normal hourly rate of $375.00 per hour, due to the Defendant company's small size. The affidavit of Mr. Debes states that he normally bills at a rate of $300.00 to $325.00 per hour, but is requesting a lower rate due to the lack of complexity of the issues in this case. Mr. Burch's affidavit also cites to the Texas State Bar's "Hourly Rates in 2005 Report," which indicates that the median rate for labor and employment attorneys in 2005 was $275.00 an hour, and the average rate was $266.00 an hour.

Additionally, Defendant acknowledges the proficiency of Plaintiffs' counsel, calling them "FLSA super lawyers" and stating that they are "clearly experts" that have ample experience with FLSA litigation. The affidavits provided by Plaintiffs provide further evidence of the "experience, reputation, and ability" of counsel, as Mr. Burch cites to his role in a number of precedent setting labor and employment cases, and over ten years of experience, and Mr. Debes attests to over eighteen years of practice with employment-related matters. The Court finds that the $275.00 hourly rate is reasonable for the work performed in this case, especially given the knowledge and expertise of the attorneys.

---

[12] As noted above, Mr. Debes' affidavit states that he did not bill for any time spent conferencing with Mr. Burch, and did not bill for any time spent when both Mr. Burch and he worked on the same project. Mr. Burch's affidavit states that he would not charge for time spent on "travel to/from Dallas" on August 26, 2008 for purposes of taking a deposition, and his billing records document a number of tasks that were completed for the case but not billed for. The Court therefore finds that billing judgment was adequately demonstrated by Plaintiffs' counsel.
[13] *Chaparral Texas, L.P.,* 2009 WL 455282 at *3.

The Court must now multiply the hours reasonably spent on this case by the applicable hourly rate to obtain the lodestar amount. Here, 163.51 hours multiplied by $275.00 an hour equals a lodestar of $44,965.25. The Court then looks to the factors enunciated in *Johnson* to determine if a reduction or increase in this amount is appropriate.[14] Notably, the Court may not consider any factor already taken into account in calculating the lodestar amount, so as to avoid double counting.[15] And the Supreme Court has stated that two of the *Johnson* factors, "complexity of the issues" and "results obtained" are "presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award."[16]

Having considered all of the remaining factors as applied to this case, the Court does not find that an adjustment of the lodestar amount is warranted. Defendant argues that the amount of actual damages in this case warrants a reduction in the amount of fees awarded. Plaintiffs were awarded a total damages amount of $16,402.62 (actual damages totaled $8,201.31 and the court ordered liquidated damages in this amount, doubling the award of damages). An award of $44,965.25 in attorneys' fees would be roughly two and one half times the amount of damages awarded. As noted above, while a low damages award is a proper factor to consider when assessing the reasonableness of the attorneys' fees awarded, it alone should not lead to a

---

[14] The *Johnson* factors include: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the *customary fee charged for those services in the relevant community*; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the *amount involved and the results obtained*; (9) the *experience, reputation, and ability of the attorney*; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
[15] *See Saizan*, 448 F.3d at 800.
[16] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

reduction of the lodestar amount.[17] The Court does not find that the amount of damages recovered in this case warrants a reduction in the amount of attorneys' fees recovered.[18]

### Conclusion

The Court, having considered the affidavits of Plaintiffs' counsel regarding attorneys' fees in this case, the response in opposition filed by Defendant, and the applicable law, finds that an award of $44,965.25 for attorneys' fees in this case is reasonable and proper. The Court notes that Plaintiffs have requested reimbursement of costs in the amount of $515.55[19] under 28 U.S.C. §1920. Having considered the billing records submitted, the Court also finds that this request should be granted. Therefore, the Court hereby orders Defendant to pay attorneys' fees and costs in the total amount of $45,480.80.

SO ORDERED this 10th day of March, 2009.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[17] *See Saizan*, 448 F.3d at 799 (citing *Singer*, 324 F.3d at 830). In *Saizan*, the Fifth Circuit noted that it previously "reversed an award of attorney's fees where the prayer sought twenty-six times the damages actually awarded, and the resultant fee award was over six and one-half times the amount of damages awarded." *Id.* at 802. Here, the amount of attorneys' fees is only two and one half times the amount of actual damages awarded, and the Plaintiffs were awarded exactly the relief prayed for in the Complaint.

[18] *See Lucio-Cantu*, 2007 WL 1342513 at *1, where the Fifth Circuit affirmed the award of $51,750.00 in attorneys' fees when actual damages amounted to $4,696.79 and total damages equaled $9,393.58, and therefore the amount of attorneys' fees was five times the amount of damages awarded.

[19] This amount includes $456.55 for the deposition of Mr. Michael Ma, and $50 for service of process, which are recoverable under 28 U.S.C. §1920(2) and (1) respectively.